IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR61 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| MARLON A. WASHINGTON | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Objections (Filing No. 25) to the Magistrate Judge's order (Filing No. 20) denying the Defendant's motion to disclose the identity of a confidential informant (Filing No. 16).

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 59.2, the Court has reviewed the order from which this appeal has been taken. A district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

## FACTUAL BACKGROUND

According to the search warrant affidavit, a reliable confidential informant ("CI") told officers that crack cocaine was being sold from a residence. Officers conducted a controlled buy at the residence using the CI. The affiant officer conducted surveillance on the residence and observed traffic in and out of the residence during all hours of the day and night. The search warrant was executed, and the following items were found: firearms; ammunition; crack cocaine; a marijuana grow operation. At least three individuals were charged with various offenses. The Defendant, Marlon A. Washington, was charged in this

case with possessing five firearms and ammunition after having been convicted of a misdemeanor crime of domestic violence.

## DISCUSSION

In orally denying the Defendant's motion, Magistrate Judge Thomas D. Thalken reasoned: the CI is not a percipient witness; the government will not call the CI as a trial witness; and the Defendant's reasoning does not differentiate this case from any other in which a CI is involved. He concluded that under *Rovario v. United States,* 353 U.S. 53 (1957), the government is not required to disclose the CI's identity.

The Defendant's objection is that without the identity of the CI he is unable to challenge the search warrant or determine whether an issue under *Franks v. Delaware,* 438 U.S. 154 (1978), should be raised. The Defendant has not supported his theory with case law. The Defendant also argues that the CI acted as a government agent rather than a tipster.

Addressing the Defendant's argument that the CI was an agent, "[t]he most important factors in determining whether a private citizen was acting as an agent of the government are whether the government acquiesced in the citizen's improper conduct, and whether the citizen was acting to assist law enforcement or to further his own ends." *United States v. Hollis,* 245 F.3d 671, 674 (8th Cir. 2001). There has been no showing of these factors. *See id.* (affirming the district court's denial of a motion for a *Franks* hearing and a motion to disclose the CI's identity, where none of these factors appeared in the evidence). Therefore, the CI in this case was a tipster.

In order to obtain disclosure of a CI's identity, a defendant must show a right to the information that outweighs the government's privilege to withhold the CI's identity. *Rovario,* 353 U.S. at 59-62. Factors relevant to whether the identity should be disclosed include the particular circumstances, the crime charged, possible defenses, and the potential significance of the CI's testimony. *Id.* at 62. In order to obtain disclosure, a defendant "'must establish beyond mere speculation that the informant's testimony will be material to the determination of the case.'" *Hollis,* 245 F.3d at 674 (quoting *United States v. Harrington,* 951 F.2d 876, 877 (8th Cir.1991)).

Applying these factors to this case, the Court concludes that the Defendant has not shown an interest that outweighs the government's privilege against disclosure. The Defendant's argument that the warrant was issued based primarily, or solely, on the information provided by the CI is misplaced. The affidavit also describes the controlled buy and the result of officers' surveillance of the residence. The Defendant was charged with a gun crime, not a drug crime. There is no evidence the CI provided any information regarding guns or ammunition. The government will not call the CI as a trial witness. The Defendant's assertion that he cannot challenge the search warrant is of no avail. Even assuming the information initially provided by the CI would be stricken from the affidavit, the affidavit would still contain information about the controlled buy and the results of the officers' surveillance. The Defendant has not identified any factors supporting the disclosure of the CI.

Accordingly,

IT IS ORDERED:

1. The Defendant's Objections (Filing No. 25) to the Magistrate Judge's order are denied; and

2. The Magistrate Judge's order (Filing No. 20) denying the Defendant's motion to disclose the identity of the confidential informant (Filing No. 16) is affirmed.

DATED this 5th day of May, 2011.

                                                  BY THE COURT:

                                                  s/Laurie Smith Camp
                                                  United States District Judge